**CUMBERLAND MOTOR FREIGHT, INC., Appellant,**

v.

**HUBER & HUBER MOTOR EXPRESS, INC., et al., Appellees.**

**CUMBERLAND MOTOR FREIGHT, INC., Appellant,**

v.

**HAYES FREIGHT LINES, INC., et al., Appellees.**

**RALPH LIGON, INC., Appellant,**

v.

**HAYES FREIGHT LINES, INC., et al., Appellees.**

**GREER MOTOR LINES, INC., Appellant,**

v.

**HAYES FREIGHT LINES, INC., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 23, 1959.

McChesney, Kinker & Pearce, Frankfort, for appellants.

Stanley B. Mayer, Louisville, R. Vincent Goodlett, Frankfort, George L. Willis, III, Asst. Atty. Gen., for appellees.

MILLIKEN, Judge.

These consolidated appeals were taken from judgments of the Franklin Circuit Court upholding orders of the Department of Motor Transportation which denied the appellants' applications for approval of proposed transfers of certain intrastate certificates of convenience and necessity.

All of the parties involved in this consolidated appeal are motor carriers of freight operating under authority of certificates of convenience and necessity granted by the Department of Motor Transportation. Hayes Freight Lines, Inc., proposed to sell various intrastate certificates to Cumberland Motor Freight Lines, Inc., Greer Motor Lines, Inc., and Ralph Ligon, Inc. Hayes also holds interstate certificates over the routes covered by the intrastate certificates it proposes to transfer. Each application for approval of the transfers was protested by various trucking companies holding certificates covering all or part of the routes involved.

The Department denied the applications for approval of these transfers on the ground that duplicate interstate operations would result therefrom and that such duplicate interstate routes would adversely affect the ability of the trucking companies now servicing the areas to render adequate service to the public, and would thus be against the public interest. Duplicate interstate operation would result because the transferees of these intrastate certificates would be able to register them with the Interstate Commerce Commission pursuant to Section 206(a) (1) of Part II of the Federal Motor Carrier Act, 49 U.S.C.A. § 306(a) (1), and thereby acquire interstate authority over the routes covered. Since Hayes is retaining its interstate authority an additional carrier would result over each route.

The primary question presented here is whether the Department properly considered the effect on the public of the additional interstate carriers which could

**536**

thus result from the transfers of these intrastate certificates. This question was presented to this court in Cumberland Motor Freight, Inc. v. Huber & Huber Motor Express, Inc., Ky., 1958, 311 S.W.2d 398, 401, and some of the same certificates involved in that appeal are involved in this one. In that opinion we said:

"It is our opinion that the Department of Motor Transportation has the power, when application for transfer of an intrastate certificate is made by a carrier who holds an interstate certificate for the same route, to consider the question of how the public interest will be affected as a result of the transferee's obtaining interstate operating rights, through registration under the Federal Motor Carrier Act. The department was in error in determining that it did not have such power. However, we think the circuit court also was in error in ordering the department to deny the transfer. Questions both of fact finding and of regulatory policy are involved, and the case should have been remanded to the department with directions to exercise its authorized power to determine whether the transfer will be against the public interest."

We believe that the rule laid down in that case is sound for the reasons stated in that opinion. It has been followed recently by a New York court, Oswego Transportation Lines, Inc. v. Feinberg, 7 A.D.2d 268, 181 N.Y.S.2d 1007, and no argument has been presented on this appeal which was not thoroughly considered heretofore by this court. Therefore, the Department acted properly in considering the effect on the public interest of the probable creation of additional interstate carriers. The proposed transfers were denied by the Department, and we find ample evidence to sustain its conclusions.

The judgments are affirmed.